UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HARRY W. WRIGHT, JR.,

    Plaintiff,                                Case No. 2:10-cv-715
                                              JUDGE GREGORY L. FROST
    v.                                         Magistrate Judge E.A. Preston-Deavers

COUNTY OF FRANKLIN, OHIO et al.,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of the following:

1.  Defendants Franklin County, Ohio; Franklin County, Ohio Board of Commissions ("Board of Commissioners"); Franklin County Sheriff James Karnes[1]; Chief Deputy Mark Barrett; Correctional Care Plus, LLC; and Philip Bialecki, M.D.'s (together "Franklin County Defendants") Motion for Judgment on the Pleadings (ECF No. 37), the Memorandum Contra to the Franklin County Defendants' Motion for Judgment on the Pleadings (ECF No. 43), the Reply Brief of the Franklin County Defendants (ECF No. 46), the Supplemental Memorandum in Response to the Franklin County Defendants' Motion for Judgment on the Pleadings and Plaintiff's Affidavit of Merit by Perry Hookman, M.D. (ECF No. 56), and the Brief in Opposition to the Franklin County Defendants' Supplemental Memorandum Regarding Motion for Judgment on the Pleadings (ECF No. 62);

---

[1] Because Sheriff Karnes is deceased, Rule 25(d) of the Federal Rules of Civil Procedure provides for automatic substitution of his successor in office.

2. The Motion of Defendants Laura Foreman and Samantha Brammer (together "Individual Defendants") for Judgment on the Pleadings (ECF No. 38), the Memorandum Contra to the Individual Defendants' Motion for Judgment on the Pleadings (ECF No. 44), the Reply Brief of the Individual Defendants (ECF No. 45), the Supplemental Memorandum in Response to the Individual Defendants' Motion for Judgment on the Pleadings and Plaintiff's Affidavit of Merit by Perry Hookman, M.D. (ECF No. 57), and the Brief of the Individual Defendants Opposing Plaintiff's Supplemental Memorandum Regarding Motion for Judgment on the Pleadings; and,

3. Plaintiff Harry W. Wright Jr.'s Motion for Leave to File First Amended Complaint, *Instanter* (ECF No. 63), the Brief of the Individual Defendants Opposing Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 64), the Franklin County Defendants' Brief in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 67), and Plaintiff Harry W. Wright Jr.'s Reply to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 69).

**I. Background**

On July 23, 2009, Plaintiff Harry W. Wright, Jr. was arrested and transported to the Franklin County Jail in Columbus, Ohio, where he remained as a pretrial detainee. Plaintiff alleges that, after repeated complaints of becoming increasingly ill, he was denied necessary medical attention for approximately three weeks. Plaintiff also alleges that, as a direct result of the denial of proper medical evaluation and treatment, he experienced severe medical complications from a blocked colon that resulted in three surgical procedures, significant pain, suffering, and emotional anguish.

On August 11, 2010, Plaintiff initiated the current action under 42 U.S.C. § 1983, alleging violations of his rights under the Fourteenth Amendment to the United States Constitution for failure to provide constitutionally adequate medical care to a pretrial detaintee (Count I). Plaintiff also alleged state law claims for gross medical negligence and intentional infliction of emotional distress (Counts II and III).

On March 15, 2011, the Franklin County Defendants and the Individual Defendants moved separately for partial judgment on the pleadings. Those two motions are ripe for review.

On June 10, 2011, Plaintiff filed a Motion for Leave to file First Amended Complaint, *Instanter*. That motion is ripe for review.

## II. Motion for Leave to File Amended Complaint

Plaintiff has moved under Rule 15 of the Federal Rules of Civil Procedure for leave to amend his complaint (1) to add two defendants and (2) to supplement an affidavit of merit required by Ohio law for state law medical claims. "Rule 15 provides guidance to the courts on deciding the merits of timely motions." *See Cook v. AT&T Corp.*, No. 2:05-cv-374, 2007 U.S. Dist. LEXIS 4325, at *4 (S.D. Ohio Jan. 22, 2007). Plaintiff's motion for leave to amend, however, is untimely. The Preliminary Pretrial Order set March 15, 2011 as the deadline for filing motions to amend the pleadings. Because Plaintiffs have moved to amend the complaint after that date, the Court begins its analysis under Rule 16(b) of the Federal Rules of Civil Procedure, which provides the standard for granting requests for modification of scheduling orders. *Id.* at *3-4 (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998) ("if we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the

Federal Rules of Civil Procedure").

## A. Modification of the Scheduling Order

### 1. Standard

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "An assertion of 'good cause' is likely meritorious when the moving party can show it 'has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.' " *Cook*, 2007 U.S. Dist. LEXIS 4325, at *6 (citing 3 Moore's Federal Practice, P16.14[1][c] at 16-72.1).

### 2. Discussion

The Court first addresses Plaintiff's request to add two defendants to this action. Plaintiff did not know the identity of the two proposed defendants, Dr. Mohammad Abib and Nurse James Bloomfield, until May 23, 2011, approximately two months after the deadline for filing motions directed at the pleadings. Defendant Dr. Phillip Bialecki was deposed on May 23, 2011, and it was at this deposition that Plaintiff learned that the physician who had signed in illegible handwriting certain medical documents related to Plaintiffs' claims before this Court was Dr. Abib. Plaintiff further explains that prior to the testimony of Dr. Bialecki, Plaintiff did not understand the process involved in providing medical care at the Franklin County Jail and the specific duties assigned to nurses such as Nurse Bloomfield. These facts indicate that Plaintiff could not have reasonably met the filing deadline with respect to the two proposed defendants. Thus, the Court finds that Plaintiff has been generally diligent in his effort to meet the deadlines established in the Preliminary Pretrial Order. Moreover, the need for additional time to add

these defendants was unforseen by Plaintiff and no fault is attributable to him in that respect. Finally, it would be unfair to prevent Plaintiff from adding these two proposed defendants under these circumstances.

As to the request to add the affidavit of merit, it is clear that Plaintiff was initially confused as the nature of his medical negligence claim, believing that it was a claim for violation of his civil rights as opposed to a medical claim as defined in Ohio Revised Code § 2305.331. Nevertheless, Ohio Rule of Civil Procedure 10(D)(2)(e) provides that an affidavit of merit may be filed "along with the complaint or amended complaint" and Ohio courts have allowed plaintiffs to submit such affidavits for the first time attached to an amended complaint. *See e.g., Ramos v. Khawli*, 181 Ohio App.3d 176 (Ohio Ct. App. 2009). Thus, the Court finds that Plaintiff has been generally diligent in this respect as well.

Accordingly, the Court concludes that Plaintiff has demonstrated good cause to amend the Court's scheduling order to permit him to file his motion for leave to file an amended complaint.

## B. Amendment of the Complaint

### 1. Standard

Rule 15 of the Federal Rules of Civil Procedure directs that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) imposes "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). A motion for leave to amend a complaint "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d

750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187; *Marx v. Centran*, 747 F.2d 1536, 1550 (6th Cir. 1984)). The district court has broad discretion to grant or deny a motion to amend a complaint. *General Electric Co. v. Sargeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

**2. Discussion**

Plaintiff requests permission to add an affidavit of merit to support his state law medical claim and to add two defendants, against which he alleges the same claims he has alleged against the current defendants. Defendants do not oppose the amendment of the Complaint against the existing Defendants through the addition of the affidavit of merit. Likewise, Defendants do not oppose the addition of Dr. Abib and Nurse Bloomfield as defendants against whom Plaintiff alleges violations of 42 U.S.C. § 1983. Further, there is no evidence that Plaintiff's motion to amend the complaint in this regard has been filed in bad faith or for dilatory purposes. Consequently, the Court **GRANTS** Plaintiff's motion to amend the complaint to add the affidavit of merit to the medical negligence claim filed against the existing defendants and to add Dr. Abib and Nurse Bloomfiled as defendants against whom Plaintiff alleges violations of 42 U.S.C. § 1983.

As to the addition of Dr. Abib and Nurse Bloomfield as defendants against whom Plaintiff alleges a state law medical negligence claim, Defendants argue that such an amendment would be futile. Specifically, Defendants contend a state law medical claim against either of these two proposed defendants would be futile because the claim is barred by the applicable statute of limitations. This Court agrees.

Medical claims filed pursuant to Ohio law are subject to a one-year statute of limitations. Ohio Rev. Code § 2305.113. Plaintiff alleges that Dr. Abib and Nurse Bloomfield negligently

cared for him in August 2009. Thus, Plaintiff had until August 2010 to file the medical negligence claims against these two defendants. Plaintiff, however, did not move to add these two defendants until June 10, 2011.

Plaintiff contends, however, that the addition of Dr. Abib and Nurse Bloomfield should relate back to the date of the filing of the original complaint because Plaintiff named several John Doe defendants that held the place for these two defendants:

> The Federal Rules of Civil Procedure permit relation back where the state law, which supplies the applicable statute of limitations, permits amendment more liberally than the analogous federal rule. *Jones v. Motley*, 2009 WL 1458209, at *4, (E.D. Ky. 2009) citing Moore's Federal Practice § 15.19[1] (2006) ("[I]f state law permits relation back when the federal rules would not, the more forgiving state rule controls."). Under Ohio law, medical claims are subject to a one-year statute of limitations. R.C. § 2305.113. Ohio Civil Rule 15(D) provides: "When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly.

(ECF No. 69 at 2-3.)

This argument, however, does not address Defendants' contention that Ohio Civil Rule 15(D) does not permit John Doe defendants to act as placeholders in order to avoid the statute of limitations. The law set forth by the Ohio Supreme Court is clear in this respect:

> . . . Civ.R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed.

*Erwin v. Bryan*, 125 Ohio St. 3d 519, 527 (Ohio 2010). Furthermore, the Sixth Circuit has recently explained: "[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.' " *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir.

2010) (citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973)).

Accordingly, the Court **DENIES** Plaintiff's motion to amend the complaint to add Dr. Abib and Nurse Bloomfield as defendants to Plaintiff's medical negligence claim.

### III. Motions for Judgment on the Pleadings

The Franklin County Defendants move for judgment on the pleadings on Plaintiff's 42 U.S.C. § 1983 claim filed against the Board of Commissioner and all defendants move for dismissal of Plaintiff's state law medical negligence claim filed against them.

**A. Standard**

The Court reviews motions made under Rule 12(c) of the Federal Rules of Civil Procedure in the same manner it would review a motion made under Rule 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Accordingly, to survive a motion for judgment on the pleadings a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be considered plausible, a claim must be more than merely conceivable. *Id.* at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (clarifying the plausibility standard articulated in *Twombly*). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

**B. Discussion**

    **1. Board of Commissioners**

Plaintiff attempts to impose liability upon the Board of Commissioners for alleged injuries he suffered while confined as a pretrial detainee at the Franklin County, Ohio Jail. Under Ohio law, the sheriff is in charge of the county jail and all persons confined therein. Ohio Rev. Code § 341.01. The sheriff "shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction." *Id.* The Board of Commissioners have no duty to control the sheriff in keeping a jail safe, and the fact that Ohio Revised Code § 307.01(A) designates the Board of Commissioners as the agency to determine the necessity of jail construction does not mean that such board has any control over the operation of a county jail. *Saunders v. McFaul*, 71 Ohio App. 3d 46, 43 (Ohio Ct. App. 1990).

Nor may Plaintiff rely upon a theory of *respondeat superior* to impose liability on the Board of Commissioners. *See Miller v. Calhoun County*, 408 F.3d 803, 813-14 (6th Cir. 2005) (county may be liable only where its policy or custom causes the constitutional violation and, under Michigan law (like Ohio law), it is the sheriff who enjoys final policymaking authority over a county correctional facility). *See also Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005) (court of appeals upheld this Court's entry of summary judgment for defendant county commissioners where commissioners did not participate in the allegedly unconstitutional searches and seizures of plaintiff's vehicle and residence by sheriff deputies); *Ridgeway v. Union County Comm'rs*, 775 F. Supp. 1105, 1109-10 (S.D. Ohio 1991) (fact that county commissioners are responsible for funding of sheriff's department and for administration of county government

9

does not establish liability under *respondeat superior* and where recovery is based solely on such a theory, plaintiff fails to state a claim).

The Court concludes that, even when accepting all well-pleaded facts as true, Plaintiff has failed to set forth a plausible 42 U.S.C. § 1983 claim against the Board of Commissioners. Therefore, the Court **GRANTS** the Franklin County Defendants' Motion for Judgment on the Pleadings as it relates to the 42 U.S.C. § 1983 claim filed against the Board of Commissioners.

### 2. Medical Negligence Claim

All defendants have requested dismissal of Plaintiff's medical negligence claim for Plaintiff's failure to attach the required affidavit of merit. However, by this decision the Court has permitted Plaintiff to amend his complaint to add the affidavit of merit. Consequently, the defendants' arguments related to Plaintiff's failure to attach the affidavit of merit have been rendered moot.

Thus, the Court **DENIES AS MOOT** the Franklin County Defendants' Motion for Judgment on the Pleadings as it relates to Plaintiff's medical negligence claim and the Court **DENIES AS MOOT** the Individual Defendants' Motion for Judgment on the Pleadings in its entirety.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS in part and DENIES AS MOOT** in part the Franklin County Defendants Motion for Judgment on the Pleadings (ECF No. 37), **DENIES AS MOOT** the Individual Defendants Motion for Judgment on the Pleadings (ECF No. 38), and **GRANTS in part and DENIES in part** Plaintiff's Motion for Leave to File First Amended Complaint, *Instanter* (ECF No. 63). Specifically, the Court:

    1.  **GRANTS** Plaintiff's Motion to Amend the Complaint to add the affidavit of merit to Plaintiff's medical negligence claim.

    2.  **GRANTS** Plaintiff's Motion to Amend the Complaint to add Dr. Mohammed Abib and Nurse James Bloomfield as defendants against whom Plaintiff alleges violations of 42 U.S.C. § 1983.

    3.  **DENIES** Plaintiff's Motion to Amend the Complaint to add Dr. Abib and Nurse Bloomfield as defendants against whom Plaintiff alleges a medical negligence claim.

    4.  **GRANTS** the Franklin County Defendants' Motion for Judgment on the Pleadings as it relates to the claims filed against the Franklin County Board of Commissioners.

    5.  **DENIES AS MOOT** the Franklin County Defendants' Motion for Judgment on the Pleadings as it relates to Plaintiff's medical negligence claim.

    6.  **DENIES AS MOOT** the Individual Defendants' Motion for Judgment on the Pleadings.

Plaintiff is **DIRECTED** to file forthwith a first amended complaint in accordance with this Opinion and Order.

    **IT IS SO ORDERED.**

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**